UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH KRUPPENBACHER,<br><br>                  Plaintiff,<br><br>-against-<br><br>ANTHONY J. ANNUCCI; KAREN BELLAMY; THOMAS R. GRIFFIN; EMILY Y. WILLIAMS; LESLIE R. CAREY; MARY N. ASHONG; BARRY A. STEVENS; WILLIAM R. STEVENS; JOHN DOE #1, Correctional Officer; A. HENNESSEY; ROSS; LAURA A. STANAWAY; F. PERSUTTI; WILLIAM ROSER; KEITH G. CHASE; WARREN C. FREEMAN; THOMAS J. HYNES,<br><br>                  Defendants. | 20-CV-0107 (CM)<br><br>ORDER TO SHOW CAUSE |

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently incarcerated in Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated March 5, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court directs Plaintiff to show cause within sixty days why the Court should not dismiss this matter as time-barred.

**STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action regarding events that occurred between November 2015 and March 2017 when he was incarcerated in Green Haven Correctional Facility. The following allegations are taken from the complaint. On November 4, 2015, Green Haven correction officer Warren Freeman "wadded up [Plaintiff's] pass," presumably made of paper, and shoved it into Plaintiff's mouth, put his baton in Plaintiff's face, and threatened to have other correction officers assault him.[2] (ECF No. 1, at 10.)

On January 16, 2016, Freeman forced Plaintiff against a wall and "not only abused and threaten[ed] the plaintiff, but denied him his property." (*Id.*) The following day, Freeman denied Plaintiff his "third meal of the day." (*Id.*)

On March 3, 2016, Freeman forced Plaintiff against a wall and "repeatedly kicked [him] in the legs, knocking him to the floor." (*Id.*) Freeman also tried to break Plaintiff's "little finger" by twisting and bending it. (*Id.* at 11.) Freeman then confiscated Plaintiff's watch, wool socks, and sweatshirt, and ordered him "out into the freezing cold of the recreation yard." (*Id.*)

For five days, from March 15, 2016 through March 20, 2016, under "threat and direct order" from Freeman, Plaintiff did not go to the "third meal of the day" and was not otherwise provided with a third meal. (*Id.* at 13.) Plaintiff further alleges that the prison staff knew that he was diabetic and "thus more susceptible to dangerous health issues," especially regarding having access to food. (*Id.* at 21.)

On July 28, 2016, Freeman again denied Plaintiff his third meal. (*Id.* at 14.)

---

[2] Plaintiff hand-wrote the complaint using irregular capitalization. When quoting the complaint, the Court uses standard capitalization for readability.

On September 10, 2016, correction officer William Stevens "segregated the plaintiff from eating with the other inmates in a congregate setting," denied him water, put him against a wall and threatened him, and then denied him his third meal of the day. (*Id.* at 15.)

In October 2016, Sergeant William Roser referred Plaintiff to the mental health department to retaliate against Plaintiff because Plaintiff filed grievances against correction officers Freeman and Stevens, and for refusing to recant his accusations. (*Id.* at 17.)

As a result of Roser's referral, on October 11, 2016, Plaintiff was sent to see social worker/counselor Ross and Unit Chief Hennessey of the mental health department. Ross "had the plaintiff ordered to be completely stripped of every article of clothing and locked into a cage." (*Id.* at 18.) Plaintiff alleges that he was held in the cage for three days, during which time Hennessey denied him all his meals and medication. (*Id.*)

On October 19, 2016, correction officer Keith Chase confiscated Plaintiff's prescribed medication as well as vitamins that Plaintiff had personally purchased. (*Id.* at 19.)

Plaintiff alleges that on four occasions between October 24, 2016 and January 4, 2017, he "was again sent to mental health," but he alleges no facts suggesting that his rights were violated during these visits. (*Id.*) On March 8, 2017, Plaintiff sent a letter to Nurse Administrator Leslie Carey "outlining in part his inability to interact with Nurse Practitioner Mary Ashong" and requesting that she assign him to a "different provider." (*Id.*)

Plaintiff also alleges, without providing additional detail, that Freeman "denied him his property" on several occasions. (*See id.* at 10, 12.) Plaintiff submitted loss-of-property claims to prison officials, who denied Plaintiff's claims and his subsequent appeal. (*See id.* at 13-14.)

Plaintiff names 17 Defendants, most of whom are New York State Department of Corrections and Community Supervision (DOCCS) officials or employees. He seeks declaratory and injunctive relief, as well as money damages.

Plaintiff signed and dated the complaint on July 28, 2019, but the Clerk of Court did not receive it until January 2, 2020. The envelope was postmarked on December 23, 2019.[3]

**DISCUSSION**

The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

A prisoner's *pro se* civil complaint is deemed "filed" at the moment the prisoner delivers the complaint to prison authorities for mailing to the court. *See Walter v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005). Plaintiff appears to have signed the complaint on July 28, 2019, but the complaint includes no indication that Plaintiff placed complaint in the prison's mail system on that date. Moreover, the other complaints from Plaintiff that arrived in the same envelope were each signed on a different date. *See Kruppenbacher*, ECF 1:20-CV-1820, 1 (dated Aug. 9, 2019); *Kruppenbacher*, ECF 1:20-CV-0110, 1 (dated July 15, 2019); *Kruppenbacher*, ECF 1:20-CV-0109, 1 (dated Aug. 16, 2016); *Kruppenbacher*, ECF 1:20-CV-0108, 1 (dated Aug. 4, 2019); *Kruppenbacher*, ECF 1:20-CV-0071, 2 (dated July 1, 2019).

The envelope containing Plaintiff's complaint was postmarked in Dannemora, New York, the town in which Plaintiff is incarcerated, on December 23, 2019. Assuming that Plaintiff is

---

[3] The complaint in this action is one of six complaints that Plaintiff mailed to the Court in the same envelope. *See Kruppenbacher v. Kirkpatrick*, ECF 1:20-CV-1820, 1 (S.D.N.Y. filed Jan 2. 2020); *Kruppenbacher v. Annucci*, ECF 1:20-CV-0110, 1 (S.D.N.Y. filed Jan. 2, 2020); *Kruppenbacher v. Annucci*, ECF 1:20-CV-0109, 1 (S.D.N.Y. filed Jan. 2, 2020); *Kruppenbacher v. Griffin*, ECF 1:20-CV-0108, 1 (S.D.N.Y. filed Jan. 2, 2020); *Kruppenbacher v. Annuci*, ECF 1:20-CV-0071, 2 (S.D.N.Y. dismissed Feb. 10, 2010).

deemed to have filed the complaint in December 2019, any claims that accrued before December 2016 are time-barred. In other words, most, if not all, of the § 1983 claims for excessive force, denial of food and water, deliberate indifference to his medical needs, and violations of his right to due process that Plaintiff asserts in the complaint appear to be time-barred.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The face of the complaint indicates that this action is time-barred. In light of Plaintiff's *pro se* status, the Court grants him 60 days to show cause why this action should not be dismissed as time-barred. Plaintiff's declaration should state facts showing that equitable tolling should be applied in this case. *See In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (noting that the doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity'"). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the

6

defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court directs Plaintiff to show cause why the Court should not dismiss his § 1983 claims as time-barred. Plaintiff must submit a declaration to this Court's Pro Se Intake Unit within 60 days of the date of this order, and label the document with docket number 20-CV-0107 (CM). No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim on which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  March 23, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (_____) (_____)

**AFFIRMATION FOR TIMELINESS**

I, _____, make the following Affirmation under the
(List the full name of the plaintiff/movant/petitioner.)

penalties of perjury:

    I am the Plaintiff/Movant/Petitioner in this action and I respectfully submit this Affirmation in response to the Court's order dated _____. This action should not be time-barred by the statute of limitations because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

For the foregoing reasons, I respectfully request that this action be permitted to proceed.

_____    _____
Date                                Signature

_____    _____
Name (Last, First, MI)              Prison Identification # (if incarcerated)

_____    _____
Address            City              State      Zip Code

_____    _____
Telephone Number                    E-mail Address (if available)